## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CHAD KILLEN<br>521 Davidson Street<br>Mansfield, Ohio 44907, | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| APPLE INC.<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219, | ) ) ) ) ) | **(Jury Demand Endorsed Herein)** |
| Defendant. | ) | |

Plaintiff, Chad Killen, by and through undersigned counsel, as her Complaint against the

Defendant, states and avers the following:

### PARTIES

1. Killen is a resident of the city of Mansfield, Richland County, Ohio.

2. At all times herein, Killen was acting in the course and scope of his employment.

3. Apple is a corporation that does a significant amount of business in the state of Ohio.

4. Apple is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et*

   *seq.*

### JURISDICTION & VENUE

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Killen is alleging a

   Federal Law Claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.*

6. All material events alleged in this Complaint occurred in Richland County, Ohio.

7.  This Court has supplemental jurisdiction over Killen's state law claims pursuant to 28 U.S.C. § 1367 as Killen's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

9.  Killen is a former employee of Apple.

10. On or about April 6, 2015, Killen began working for Apple.

11. During the relevant period, Apple employed Killen as an at-home advisor.

12. At all relevant times, Killen worked in the city of Mansfield, Richland County, Ohio.

13. Apple was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

14. At all times relevant herein, Killen was employed by Apple for at least 12 months and had at least 1,250 hours of service with Apple and therefore was an "eligible employee" under the FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

15. In or about November 2016, Killen was diagnosed with cubital tunnel syndrome ("Killen's Condition").

16. Cubital tunnel syndrome is a chronic nerve injury in the elbow.

17. Because of Killen's Condition, Killen was significantly limited in one or more major life activities.

18. Killen had a record of physical impairment.

19. Because of Killen's Condition, Killen was disabled within the meaning of R.C. § 4112.01 *et seq.*

20. Because of Killen's Condition, Apple perceived Killen as disabled.

21. On or about October 31, 2017, Killen requested FMLA leave due to Killen's Condition.

22. Killen's doctor completed all required paperwork for Killen's medical leave.

23. Killen's doctor submitted all required paperwork for Killen's medical leave.

24. On or about October 31, 2017, Apple approved Killen for continuous FMLA leave.

25. On or about October 31, 2017, Killen went on continuous FMLA leave.

26. On or about May 6, 2018, Killen was able to return to work.

27. On or about May 6, 2018, Killen requested that Apple allow him to return to work.

28. In or about May 2018, Apple notified Killen that he could not return to work until his doctor sent a return-to-work release form to Apple.

29. In or about May 2018, Killen's doctor faxed a return-to-work release form to Apple.

30. Apple did not allow Killen to return to work after his doctor faxed a return-to-work release form in May 2018.

31. In or about June 2018, Killen's doctor faxed another return-to-work release form to Apple.

32. Apple did not allow Killen to return to work after his doctor faxed a return-to-work release form in June 2018.

33. On or about July 7, 2018, Apple terminated Killen's employment.

34. On or about July 7, 2018, Apple alleged that the reason for Killen's termination was job abandonment ("Termination Excuse").

35. Killen did not abandon his job.

36. The Termination Excuse had no basis in fact.

37. The Termination Excuse was not the real reason for Killen's termination.

38. The Termination Excuse was pretextual.

39. On or about July 7, 2018, Apple terminated Killen's employment in retaliation for Killen's taking FMLA leave.

40. On or about July 7, 2018, Apple terminated Killen's employment because of his disability.

41. On or about July 7, 2018, Apple terminated Killen's employment because of his perceived disability.

42. As a direct and proximate result of Apple's conduct, Killen suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: RETALIATION IN VIOLATION OF FMLA

43. Killen restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

44. During his employment, Killen utilized FMLA leave.

45. After Killen utilized his qualified FMLA leave, Apple retaliated against him.

46. Apple retaliated against Killen by not allowing him to return to work upon completion of his FMLA leave.

47. Apple retaliated against Killen by terminating his employment.

48. Apple willfully retaliated against Killen in violation of 29 U.S.C. § 2615(a).

49. As a direct and proximate result of Apple's wrongful conduct, Killen is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

50. Killen restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

51. Apple treated Killen differently than other similarly-situated employees based on his disabling condition.

52. Apple treated Killen differently than other similarly-situated employees based on his perceived disabling condition.

53. On or about July 7, 2018, Apple terminated Killen's employment without just cause.

54. Apple terminated Killen's employment based on his disability.

55. Apple terminated Killen's employment based on his perceived disability.

56. Apple violated R.C. § 4112.02 when it discharged Killen based on his disability.

57. Apple violated R.C. § 4112.02 when it discharged Killen based on his perceived disability.

58. As a direct and proximate result of Apple's conduct, Killen suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff Killen respectfully requests that this Honorable Court grant the following relief:

(a) Issue an order requiring Apple retroactively to restore Plaintiff to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Killen for physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c)  An award of punitive damages against Defendant in an amount in excess of $25,000;

(d)  An award of reasonable attorneys' fees and non-taxable costs for Killen's claims as allowable

under law;

(e)  An award of the taxable costs of this action; and

(f)  An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Fred M. Bean*

Fred M. Bean (0086756)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Phone: (614) 410-6720
Fax:    (216) 291-5744
Email: Fred.bean@spitzlawfirm.com

*Attorney for Plaintiff Chad Killen*

## JURY DEMAND

Plaintiff demands a trial by jury by the maximum number of jurors permitted.

*/s/ Fred M. Bean*

Fred M. Bean (0086756)
**THE SPITZ LAW FIRM, LLC**